Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Justin M. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AYIOMAMITIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BUZZFEED, INC., a Delaware Corporation; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATION OF THE DMCA: 17 U.S.C. § 1202<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff ANTHONY AYIOMAMITIS, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## **PARTIES**

4. Plaintiff, ANTHONY AYIOMAMITIS ("AYIOMAMITIS") is an individual residing in the Athens, Greece.

5. Plaintiff is informed and believes and thereon alleges that Defendant BUZZFEED, INC. ("BUZZFEED") is a Delaware Corporation with a principal office at 608 Main St, Venice, California 90291, and is the owner of the website at www.buzzfeed.com, and does business in and with the state of California and this District.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship

2
COMPLAINT

and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO SUBJECT PHOTOGRAPHY

8. Plaintiff, AYIOMAMITIS created and owns the original photographs (the "Subject Photography") that were first published abroad. Plaintiff is the sole owner of the exclusive rights in the Subject Photography, which is depicted in **Exhibit A**.

9. The Subject Photography are not United States works within the meaning of 17 U.S.C., § 101.

10. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

11. Plaintiff registered the Subject Photography with the United States Copyright Office effective February 20, 2017 and January 24, 2019 respectively under registration numbers VA 2-054-866 and VA 2-135-713.

12. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photography, BUZZFEED, DOE Defendants, and each of them used the Subject Photography without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on the website buzzfeed.com.

13. Subject Photography and exemplar screen captures of Defendant's website with the Subject Photography embedded are set forth in **Exhibit B** ("Infringing Content").

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

14. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraph.

15. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photography by without limitation, viewing the Subject Photography on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also shows access.

16. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photography online at least on the website(s) bearing the URL(s) depicted in Exhibit B hereto.

17. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photography and publishing same to the public.

18. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

19. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photography in an amount to be established at trial.

20. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

### SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

21. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photography as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

23. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

24. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photography. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photography, in an amount to be established at trial.

26. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## THIRD CLAIM FOR RELIEF

(For Violations of the 17 U.S.C. §1202 – Against all Defendants, and Each)

27. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

28. The Subject Photography was routinely published with attribution, credit, and other copyright management information identifying Plaintiff as the author,

29. Plaintiff alleges on information and belief that Defendants, and each of them, removed Plaintiff's copyright management information, as described above, from the Subject Photography, and/or added false copyright management information to the Subject Photography, before distributing and publishing same.

30. Plaintiff alleges on information and belief that Defendants, and each of them, distributed and published the Subject Photography via websites bearing the URL(s) depicted in Exhibit B hereto, under its own name, and removing Plaintiff's attribution information, including without limitation his name and/or metadata.

31. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. §1202(c) and is false.

32. When Defendants distributed and published the Subject Photography, they knowingly provided and/or distributed false copyright management information in violation of 17 U.S.C. §1202(a). As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, and/or statutory damages, and attorneys' fees under 17 U.S.C. §1203.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Photograph;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

Respectfully submitted,

Dated: January 28, 2021  By:  /s/ *Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Justin M. Gomes, Esq.
DONIGER/BURROUGHS
Attorneys for Plaintiff

# EXHIBIT A
## Subject Photography





# EXHIBIT B
## Infringing Content

[https://www.buzzfeed.com/samjparker/9-super-photos-of-the-supermoon]

## 8 Super Photos Of The Supermoon

The chunk of cheese in the sky was at its biggest and brightest this weekend. Did you remember to look up?

Posted on June 24, 2013, at 2:01 a.m.


Sam Parker
BuzzFeed Contributor

 View 9 comments 

It's a celestial coincidence that won't occur again until August 2014.

When the moon happens to be full at the same time it reaches the closest point of its orbit around the earth, it looks 14% bigger and 30% brighter than when it is furthest away.

With lots of Britain covered by clouds, chances are you missed it. Luckily, the internet didn't.

### 1. Greece.


imgur.com



[http://www.buzzfeed.com/mjs538/the-30-most-liked-buzzfeed-posts-of-the-year]

also [http://www.buzzfeed.com/mjs538/beautiful-pictures-of-the-supermoon-from-around-th]

